Cass *v.* Cass.

---

FRANK H. CASS

*v.*

NETTIE CASS.

A bill which merely alleges that a wife deserted her husband on a certain date, and afterwards persistently remained absent from his residence, does not disclose any cause of divorce known to the laws of this state.

On bill and proofs taken *ex parte.*

*Mr. T. W. Walker*, for complainant.

THE VICE-CHANCELLOR.

This is a suit for divorce *a vinculo*, by a husband against his wife. The complainant has proceeded by bill. His bill alleges that the defendant deserted him July 1st, 1871, since which date she has persistently remained absent from his residence, and hath and doth desert her child.

The cause of divorce here specified, is unknown to the laws of this state. Simply living separate, is not a ground for divorce. Mere absence is not desertion. *Rogers* v. *Rogers, 3 C. E. Gr. 445; Test* v. *Test, 4 C. E. Gr. 342.* To constitute desertion by a wife, she must forsake her husband in violation of her duty to him, and against his will, and willfully and obstinately continue in a state of separation from him for a continuous period of three years. But

the absence here charged, is merely from the husband's residence, and not from him. The parties may have constantly cohabited. Desertion is charged as happening on a certain date, but then the charge dwindles to a mere accusation of absence from the husband's residence. This is not enough. Absence is not the equivalent of desertion, and desertion itself is no ground of divorce, but may become so by willful and obstinate continuance for the statutory period.

No ground of divorce is alleged in the bill, and it must, therefore, be dismissed.